UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

MAR 1 1 2010

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          :
                                  :
          v.                      :   CASE NO. 3:10-cr-31-J-25TEM
                                  :
WILLIAM JOSEPH McCARTHY           :


## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, William Joseph McCarthy, and the attorney for the defendant, Otto D. Rafuse, mutually agree as follows:

A.    **Particularized Terms**

      1.    **Count(s) Pleading To**

            The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with knowing receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

      2.    **Minimum and Maximum Penalties**

            ONE 9fm 2 2010

            Count ~~Two~~ is punishable by a mandatory minimum term of imprisonment of not less than 5 years and not more than 20 years, a fine of $250,000, a term of supervised release of not less than 5 years, or life, and a special assessment of $100, said special assessment to be due on the date of sentencing.  With respect to this offense and pursuant to Title 18, United States Code, Sections 2259, 3663A and 3664,

Defendant's Initials _[initials]_                    AF Approval _[initials]_

the Court shall order the defendant to make restitution to any victim of the offense(s),

and with respect to other offenses, the Court may order the defendant to make

restitution to any victim of the offense(s), or to the community, as set forth below.

3.   **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of

the offense(s) with which defendant has been charged and to which defendant is

pleading guilty.  The elements of Count ~~Two~~ *One (handwritten)* are:

> First:   That the defendant knowingly received one or more
> matters that contained visual depictions;
>
> Second:   That such visual depictions had been shipped or transported
> in interstate and foreign commerce by any means, including
> by computer;
>
> Third:   That the production of such visual depictions involved the
> use of at least one minor child engaging in sexually explicit
> conduct;
>
> Fourth:   That such visual depictions were of at least one minor child
> engaged in sexually explicit conduct;
>
> Fifth:   That the defendant knew that at least one of the performers
> in such visual depictions was a minor child and knew that
> the visual depiction was of such a minor engaged in sexually
> explicit conduct.

4.   **Counts Dismissed**

At the time of sentencing, the remaining counts against the defendant,

Counts Two, Three, Four, and Five, will be dismissed pursuant to Fed. R. Crim. P.

11(c)(1)(A).

Defendant's Initials _____                2

5.    **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    **Base Offense Level**

Pursuant to Fed. R. Crim. P. 11(c), the United States and the defendant stipulate and agree that the defendant's base offense level be calculated at level 22 pursuant to USSG §§ 2G2.2(a)(2) and 1B1.3.  The defendant understands that this stipulation and agreement is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

7.    **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to

Defendant's Initials _____        3

USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 1867 Kings Court, Jacksonville Beach, Duval County, Florida, Parcel No. 178745-0215, more particularly described as:
>
> Lot 3, SEAGATE WOODS, according to the plat thereof as recorded in Plat Book 49, Pages 81 and 81A of the current public records of Duval County, Florida; and

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant further consents to the filing of a motion by the United States for immediate entry of a Preliminary Order of Forfeiture. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any

Defendant's Initials _____                4

constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The

Defendant's Initials _A/W_                    5

defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence: has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

9.    **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the

Defendant's Initials _____                    6

names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

B.    **Standard Terms and Conditions**

    1.    **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _____       7

2.   **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any

Defendant's Initials _____   8

recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

    4.    **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

    5.    **Defendant's Waiver of Right to Appeal and
Right to Collaterally Challenge the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the

Defendant's Initials _ayu_        9

ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and

Defendant's Initials ____       10

defendant's attorney and without promise of benefit of any kind (other than the

concessions contained herein), and without threats, force, intimidation, or coercion of

any kind.  The defendant further acknowledges defendant's understanding of the nature

of the offense or offenses to which defendant is pleading guilty and the elements

thereof, including the penalties provided by law, and defendant's complete satisfaction

with the representation and advice received from defendant's undersigned counsel (if

any).  The defendant also understands that defendant has the right to plead not guilty

or to persist in that plea if it has already been made, and that defendant has the right to

be tried by a jury with the assistance of counsel, the right to confront and cross-examine

the witnesses against defendant, the right against compulsory self-incrimination, and

the right to compulsory process for the attendance of witnesses to testify in defendant's

defense; but, by pleading guilty, defendant waives or gives up those rights and there

will be no trial.  The defendant further understands that if defendant pleads guilty, the

Court may ask defendant questions about the offense or offenses to which defendant

pleaded, and if defendant answers those questions under oath, on the record, and in

the presence of counsel (if any), defendant's answers may later be used against

defendant in a prosecution for perjury or false statement.  The defendant also

understands that defendant will be adjudicated guilty of the offenses to which defendant

has pleaded and, if any of such offenses are felonies, may thereby be deprived of

certain rights, such as the right to vote, to hold public office, to serve on a jury, or to

have possession of firearms.

Defendant's Initials _____                    11

9.   **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

10.   **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. **Certification**

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this _____5_____ day of ~~February~~, MARCH 2010.

A. BRIAN ALBRITTON
United States Attorney

WILLIAM JOSEPH McCARTHY
Defendant

By: _____

D. RODNEY BROWN
Assistant United States Attorney

OTTO D. RAFUSE
Attorney for Defendant

MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials _____        13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 3:10-cr-31-J-25TEM

WILLIAM JOSEPH McCARTHY
_____

## FACTUAL BASIS

On December 14, 2007, Jacksonville Sheriff's Office Detective and Customs Officer Michael Boymer began a search for individuals who were trading images of child pornography using a particular internet file sharing program. On this particular file sharing program, the contents of a user's "shared file" in the user's computer may be accessed by another user. Detective Boymer used a search term indicative of child pornography and located a list of files that contained that term and which were available for downloading or "sharing" from a specified host user with the host's corresponding internet protocol ("IP") address. Detective Boymer located a file with a known image of child pornography being hosted by a user with a particular IP address. This file was downloaded from the host user by Detective Boymer, and was determined to be a video depicting child pornography.

On December 19, 2007, Detective Boymer continued the investigation and searched for additional files containing child pornography being hosted by the same user. Detective Boymer was able to browse the host computer's shared folder and determined that there were 473 files available for sharing. Detective Boymer connected

Defendant's Initials _____

directly to this IP address and downloaded five files which contained videos depicting child pornography.

Subpoenaed documents from the internet service provider for this particular IP address revealed that, on the dates and times during the downloads discussed above, the subscriber was William McCarthy, 1867 Kings Court, Jacksonville Beach, Florida 32250. On February 4, 2009, a federal search warrant was executed at McCarthy's residence located at 1867 Kings Court in Jacksonville Beach. The agents made contact with McCarthy in his residence, and he was advised of and acknowledged his constitutional rights. An interview with McCarthy was audio recorded. McCarthy confirmed his internet service provider, and acknowledged using the particular file sharing program. McCarthy stated that he downloaded movies and music, as well as pornography. McCarthy stated that he looked for all types of pornography except bestiality, and used various terms. McCarthy admitted downloading sexually explicit images of children and stated that he either stored or deleted the images. He denied distributing child pornography. McCarthy denied having any "desire to go pursue kids," but that he found the child pornography images to be "different," "not allowed," and "exciting." McCarthy defined a "kid" as anyone under 16 years of age. McCarthy was asked to identify which of his computers would have child pornography on them, and he stated that he had been using this particular file sharing program to download child pornography for several years. He stated that he had changed his program settings in early January 2009 ("a month ago") to prevent his images from being available for sharing. He stated that the file names were sometimes deceptive, and acknowledged that he searched for child pornography using several popular search terms. McCarthy

Defendant's Initials _____       2

denied chatting or gaming online, and denied producing any child pornography.

McCarthy denied that he was ever molested as a child.  He speculated that he had

been viewing child pornography for at least 4 years.   McCarthy indicated that he found

younger women appealing, and that he had seen infant children with diapers depicted.

He denied molesting any children in the neighborhood, and that he was simply driven

by "foolish curiosity."  McCarthy stated that he only recently discovered that the file

sharing feature on the program could be disabled.  He disabled this feature based on

efficiency and the fact that he did not wish to share or distribute files.  McCarthy

acknowledged that he think about the children depicted in images as being "victimized,"

saying that he could not imagine seeing the actual conduct in person.

    During the search of McCarthy's residence, the agents discovered several

computers and computer media.  Specifically, McCarthy had constructed a network of

computers, several of which contained multiple hard disk drives to increase their

efficiency and capacity.  Subsequent forensic analysis revealed that McCarthy's

computers contained approximately 60,875 images and 649 videos depicting child

pornography.   The analysis also showed that McCarthy had downloaded numerous

images and videos from the internet using internet file sharing programs.  Specifically,

during the period from on or about May 22, 2007 through on or about November 26,

2007, McCarthy downloaded and received the videos of child pornography identified in

Count One of the indictment in this case.

    The production of the images and videos depicting child pornography knowingly

received and possessed by McCarthy each involved the use of at least one minor child

engaged in sexually explicit conduct and depicted minor children engaged in sexually

Defendant's Initials _____                      3

explicit conduct.  Each of the images and videos were shipped and transported in interstate commerce by computer by means of the Internet.  Several of the images and videos, including the video file titled "Education - Daphne (9Yo) Demontrating Child Pedo Outercourse Sex With Dad - pthc.avi," portray sadistic conduct.  Specifically, this video depicts an adult male penetrating the vagina of a prepubescent female child with his (the adult's) penis.  McCarthy knew that at least one of the performers in each of the visual depictions that he received and possessed was a minor child and that the visual depictions were of such minors engaged in sexually explicit conduct.  ~~McCarthy received and possessed the images and videos depicting child pornography for his own personal sexual gratification.~~  McCarthy acknowledges that there exists a sufficient nexus for purposes of forfeiture between the items and properties set forth in the plea agreement, and the criminal conduct as set forth above.  Specifically, McCarthy acknowledges that the residence located at 1867 Kings Court, Jacksonville Beach, Florida 32250, was used by McCarthy as a place to construct, conceal and maintain his computers and therefore was used to facilitate the commission of the crimes of receipt, transportation, and possession of child pornography.

Defendant's Initials _____        4

· RECEIVED
U.S. ATTORNEY

2010 MAR -5 P 2: 25

MIDDLE DISTRICT OF
FLORIDA JACKSONVILLE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 3:10-cr-31-J-25TEM

WILLIAM JOSEPH McCARTHY
_____

## PERSONALIZATION OF ELEMENTS

1.      From on or about May 22, 2007 through on or about November 26,

2007, at Jacksonville Beach, in the Middle District of Florida, did you knowingly receive

one or more matters that contained visual depictions, that is, those contained in the

computer files listed in Count One of the indictment, among others?   YES

2.      Do you admit that these visual depictions were shipped and

transported in interstate and foreign commerce by means of a computer over the

Internet?    YES

3.      Do you admit that the production of such visual depictions involved

the use of minor children engaging in sexually explicit conduct, including, among others,

genital to genital intercourse between prepubescent minor females and adult males,

and genital to genital intercourse between a prepubescent minor female and an adult

male?    yes

4.      Do you admit that these visual depictions were of minors engaging

in sexually explicit conduct?       yes

Defendant's Initials _____        14

5.      Do you admit that you knew that at least one of the performers in each of these visual depictions was a minor and that you knew that the visual depictions were of such minors engaged in sexually explicit conduct?      *YES*

Defendant's Initials _____      15