UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.  3:10-cr-31-J-25TEM

WILLIAM JOSEPH McCARTHY

_____

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in response to that filed by defendant (Dkt. 50), and states as follows:

### Defendant's Advisory Sentencing Guideline Range

In this case, defendant has pled guilty to knowing receipt of child pornography, which carries a minimum mandatory term of imprisonment of not less than 5 years and not more than 20 years.  Defendant does not dispute the calculations set forth in the presentence investigative report.  Dkt. 50 at 1.  Based upon a Criminal History Category I and total offense level 32, defendant's advisory sentencing guideline range is 121-151 months imprisonment.  Defendant's total offense level is driven in large part by the offense of conviction (base offense level 22), the sadistic and/or masochistic nature of the images and videos in his collection (4 offense levels), and the sheer magnitude of his collection (at least 60,875 images and 649 videos depicting the graphic sexual abuse of children), which was built up by defendant over a four-year period.  Defendant also had an electronic collection of stories which detailed the sexual abuse of children.

**Memorandum of Law**

In his memorandum, defendant argues, among other things, that this Court should disregard the advisory sentencing range and the applicable sentencing guideline, U.S.S.G. §2G2.2, because it "was not based on empirical data or the sentencing expertise of the [Sentencing] Commission." Dkt. 50 at 4 (citations omitted). Defendant then cites a list of district court decisions that seemingly support this position. Unfortunately, defendant ignores the Eleventh Circuit's decision in United States v. Pugh, 515 F.3d 1179 (11th Cir. 2008)[1]. In Pugh, the Eleventh Circuit rejected the argument that U.S.S.G. §2G2.2 was somehow lacking because it was not based on "'empirical data and national experience.'" Id. at 1201 n. 15 (citation omitted). Indeed, the Pugh court held that Section 2G2.2 does "not exhibit the deficiencies that Supreme Court identified in Kimbrough [v. United States, 552 U.S. 85 (2007)]." Since Pugh, the Eleventh Circuit has repeatedly rejected attacks on U.S.S.G. §2G2.2 based on so-called "lack of empirical data" and/or "national experience." See United States v. Portney, 2010 WL 2232271 at *2 (11th Cir. (Fla.) June 3, 2010); United States v. Lynch, 343 Fed.Appx. 570, 572 n. 3 (11th Cir. (Fla.) Sept. 8, 2009), cert. denied, ___ U.S. ___, 130 S.Ct. 1029 (2009); United States v. Goines, 304 Fed.Appx. 840, 842 n. 1 (11th Cir. (Fla.) Dec. 24, 2008)[2].

---

[1] In Pugh, the defendant was held accountable for 68 images and 2 videos of child pornography.

[2] In Goines, the defendant was held accountable for 150 videos of child pornography.

Accordingly, in sentencing defendant, this Court should be guided by the Sentencing Guidelines, the factors set forth in Title 18, United States Code, Section 3553(a), and the recent decision in United States v. Irey, ___ F.3d ___ 2010 WL 2949465 (11th Cir. (Fla.) July 29, 2010) (holding that a 42% downward variance in child exploitation case was unreasonable under facts of case).  In addition, the United States respectfully recommends that the Court consider the well-reasoned and highly persuasive opinion in United States v. Cunningham, 680 F.Supp.2d 844, 865 (N.D. Ohio 2010) (J. Adams) (121-month sentence at low end of advisory guideline range was appropriate for defendant who pled guilty of receipt, distribution and possession of child pornography and was held accountable for 114 images).

There can be no doubt that "[c]hild pornography is a vile, heinous crime." Id. 847.  In this case, defendant's huge collection of images and videos that depict the graphic sexual abuse of children, and which he amassed over several years using a sophisticated computer network, sets him apart from other "average" child pornography

offenders and collectors.  It is the position of the United States that his sentence should be substantially severe to reflect this reality.

          Respectfully submitted,

          A. BRIAN ALBRITTON
          United States Attorney


By:   */s/ D. Rodney Brown*
      D. RODNEY BROWN
      Assistant United States Attorney
      Florida Bar No. 0906689
      300 N. Hogan Street, Suite 700
      Jacksonville, Florida 32202-4270
      Telephone:  (904) 301-6300
      Facsimile:   (904) 301-6310
      E-mail:      rodney.brown@usdoj.gov

U.S. v. WILLIAM JOSEPH McCARTHY                    Case No. 3:10-cr-31-J-25TEM

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Todd Foster, Esq.
>Kevin J. Darken, Esq.
>Rohom Khonsari, Esq.

I also hereby certify that on August 9, 2010, a copy of this document was provided by hand delivery to the following:

>Carlos R. Dawson
>Senior U.S. Probation Officer

>*s/ D. Rodney Brown*
>D. RODNEY BROWN
>Assistant United States Attorney