UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                       Case No. 3:10-cr-31-HLA-TEM

WILLIAM JOSEPH McCARTHY

_____

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The United States of America files this response in opposition to defendant's defendant's "Motion for Early Termination of Supervised Release" filed on October 26, 2022 (Doc. 82). For the reasons set forth below, this Court should deny defendant's motion.

**Factual Summary**

1. On March 11, 2010, defendant pleaded guilty to knowing receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). *See* Doc. 26. His criminal conduct included the possession of 60,875 images and 649 videos depicting the sexual abuse of minors, including prepubescent children. *See* Presentence Investigative Report (PSR) dated July 29, 2010, at ¶10. Defendant's total offense level was driven in large part by the serious nature of the offense of conviction (base offense level 22), the sadistic and/or masochistic nature of the images and videos in his collection (4 offense levels), and the enormous volume of his collection that

defendant admitted he had amassed over a four-year period. *Id.* at ¶¶23, 25, 27; Doc. 26 at 16. Defendant's criminal conduct is also notable because of his computer expertise, as he "had constructed a network of computers, several of which contained multiple hard disk drives to increase their efficiency and capacity." PSR at ¶10. The Court also ordered forfeiture of defendant's residence, as defendant admitted that he had used it "as a place to construct, conceal, and maintain his computers and … to facilitate the commission of the crimes of receipt, transportation, and possession of child pornography." Doc. 26 at 17.

    2.    On May 8, 2010, this Court sentenced defendant to 72 months in prison, followed by a 10-year term of supervised release. *See generally* Doc. 61. This sentence was the result of a significant downward variance from the recommended advisory guideline range of 121-151 months' imprisonment, roughly a 40% reduction below the low end of that range.

    3.    On October 29, 2015, defendant was released from prison and began his 10-year term of supervised release. *See* https://www.bop.gov/inmateloc/ (last accessed Oct. 31, 2022). This term is scheduled to expire on or about October 29, 2025, so less than three years of supervision remain for defendant.

    4.    On October 26, 2022, defendant filed his motion seeking early termination of his supervised release. *See generally* Doc. 82.

    5.    On October 31, 2022, defendant's supervising Probation Officer and the undersigned spoke by telephone regarding defendant's pending

motion for early termination. The Probation Office opposes defendant's motion for early termination of his supervised release.

6.	On November 1, 2022, this Court ordered the United States to file a response to defendant's motion by November 14, 2022. Doc. 83.

## Memorandum of Law

The United States opposes defendant's motion for early termination of supervised release. Pursuant to 18 U.S.C. § 3583(e)(1), this Court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)( C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) – (1) terminate a term of supervised release..., if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice..." The nature and circumstances of defendant's offense and his history and characteristics weigh heavily against early termination. Defendant was convicted of a "crime of violence" involving the sexual exploitation of children. *See* 18 U.S.C. § 3156(a)(4)(C). Defendant's immense collection of images and videos depicted prepubescent children being sexually abused, and by his admission he engaged in the charged criminal conduct for at least four years. This proves his sexual interest in children and makes him the type of offender that Congress had in mind in enacting §§ 3156(a)(4)(C) and 3583(k).

Early termination of supervised release in this instance would not "afford adequate deterrence" under § 3553(a)(2)(B). To the contrary, it would remove an important constraint on defendant's behavior. At the time of defendant's sentencing, this Court imposed a sentence that was sufficient, but not greater than necessary,

after considering all of the factors set forth in 18 U.S.C. § 3553. After the Court considered the nature and circumstances of the offense as well as all other factors, the Court imposed a term of supervised release for 10 years and prohibited the defendant from accessing the internet. While on supervised release, defendant has the benefit of continuing to receive quarterly sex offender treatment, so the public is better protected from the risk of danger presented by a person like defendant who has engaged in conduct that evinces a sexual interest in children. While on supervision, defendant is not able to access the internet, and his residence are subject to be searched at any time based on a reasonable suspicion of contraband or evidence of a violation of a condition of release. *See United States v. Carpenter*, 803 F.3d 1224, 1239 (11th Cir. 2015) (Eleventh Circuit stated that it "upheld conditions limiting computer access, emphasizing that such access could well enable a sex offender to offend once again"). In sum, continued supervision affords an impediment to criminal conduct and thereby protects the community by minimizing the risk presented by defendant, a convicted child sex offender.

    Defendant's supervised release term imposed by this Court was well below the statutorily authorized life term of supervised release that could have imposed. *See United States v. Garcia*, 272 F. App'x 754, 756 (11th Cir. 2008) (court-ordered life term of supervised release for 20-year-old child pornography offender was authorized and not error); *see also United States v. Galarza*, 625 F. App'x 434, 440 (11th Cir. 2015) (Eleventh Circuit reasoned that "the relevant policy statement [of U.S.S.G. §5D1.2(b)] states 'if the instant offense of conviction is a sex offense. . . the statutory

maximum term of supervised release is recommended"). As such, serving a full 10-year term of supervised release is neither unreasonable nor unduly punitive.

According to the Probation Officer, during a meeting on November 2, 2021, defendant confirmed, among other things, that he had previously stated in summary that he had been "curious" about child pornography and further admitted that what he did [committing the offense of conviction] was wrong. However, he also stated that in downloading child pornography he was actually looking for "many segmented threats" contained in the contraband files. The Probation Officer advised the undersigned that this explanation did not make sense, as this excuse was never posed to law enforcement or the Court during the investigation and prosecution of this case. Therefore, the Probation Officer expressed concern about defendant's self-assessment of his prior criminal conduct.

According to the Probation Officer, defendant has been compliant with the terms of his supervision and continues to attend sex offender treatment on a quarterly basis. But, bare compliance with supervised release terms is not exceptional; rather, it is simply the minimum expected of an individual under supervision. As such, alone it does not justify early termination. As expressed by the late Honorable Wm. Terrell Hodges in denying a motion for early termination of supervised release by a criminal defendant:

> Ordinarily, therefore, the mere fact that a Defendant has adjusted well and has complied with the terms and conditions of supervised release affords no justification for early termination; some special hardship should be shown that has the effect of rendering the sentence more punitive or more

> onerous than contemplated by the Court at the time of imposition.

*United States v. Perez*, No. 5:96-cr-17-Oc-10GRJ, Doc. 124 (M.D. Fla. Dec. 9, 2004) (unpublished).

In his motion, defendant alleges that his "… Reason for Seeking Early Termination" is that he wishes to resume working as a "freelancer" in the field of "computer programming and network communication protocols." Doc. 82 at 21. Yet, defendant's expertise in this field is precisely what afforded him with the ability to build his sophisticated computer network and use it to commit the underlying child exploitation offense of conviction. Defendant's stated desire to return this type of work is not a sufficient reason for early termination. Indeed, defendant has failed to show that ongoing supervision presents any "special hardship" that justifies early termination. *See United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003) (holding that a condition of supervised release is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights). The interest of justice would not be served by allowing defendant's expedited return to the same technology that enabled him to sexually exploit thousands of child victims using the internet from 2006 through 2010.

WHEREFORE, the United States respectfully requests this Court deny defendant's "Motion for Early Termination of Supervised Release" filed on October

26, 2022 (Doc. 82) and further that defendant be required to serve the full term of supervised release originally imposed by this Court.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   *s/ D. Rodney Brown*
      D. RODNEY BROWN
      Assistant United States Attorney
      Florida Bar No. 0906689
      300 North Hogan Street, Suite 700
      Jacksonville, Florida 32202-4270
      Telephone: (904) 301-6300
      Facsimile: (904) 301-6310
      E-mail: rodney.brown@usdoj.gov

U.S. v. William Joseph McCarthy				Case No. 3:10-cr-31-HLA-TEM

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2022, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, and a copy of this document and the notice of electronic filing was sent by United States mail to the following non-CM/ECF participant at his current address as shown in public records:

William Joseph McCarthy

*s/ D. Rodney Brown*
D. RODNEY BROWN
Assistant United States Attorney